IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Frieda Dortch, | ) | C/A No. 3:17-145-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Cellco Partnership, *doing business as* | ) | |
| *Verizon Wireless*, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's Motion for Summary Judgment. ECF No. 27. Plaintiff filed a response, and Defendant filed a reply. ECF Nos. 33, 34. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On April 4, 2018, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 41. Plaintiff filed objections to the Report, and Defendant filed a reply. ECF Nos. 42, 45. The Court heard oral argument on the Motion on July 13, 2018. ECF No. 48. Therefore, the Motion is ripe for review.

## **LEGAL STANDARDs**

### I. **Magistrate Judge Review**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

1

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## II. Summary Judgment

One of the principal purposes of summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. To that end, "Rule 56 states "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised,

the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

Further, Rule 56 provides in pertinent part:

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## BACKGROUND

Plaintiff filed this case in the Court of Common Pleas for the County of Richland, South Carolina, alleging four causes of action: (1) race discrimination; (2) violation of the Age Discrimination in Employment Act ("ADEA"); (3) gender discrimination; and (4) retaliation. ECF No. 1-1. Defendant filed a Notice of Removal. The Magistrate Judge provides a thorough recitation of the facts of this case and the relevant legal standards in employment cases in her Report, which the Court incorporates by reference.

In the Report, the Magistrate Judge recommended granting Defendant's Motion. Plaintiff filed five objections, claiming: (1) the Report erred in concluding that Plaintiff's treatment was not severe and pervasive; (2) the Report erred in concluding that Plaintiff did not suffer an adverse action; (3) Plaintiff exhibited a satisfactory job performance; (4) the Report erred in deciding that a jury could not conclude Plaintiff engaged in protected activities; and (5) the Report disregarded Plaintiff's constructive discharge claim. The Court addresses these in turn.

## DISCUSSION

### I. Severe and Pervasive Treatment

In evaluating Plaintiff's hostile work environment claim, the Report concluded that Plaintiff "cannot establish that she was subjected to severe and pervasive harassment sufficient to alter the terms of employment and constitute an abusive atmosphere." ECF No. 41 at 7. As the Report correctly notes, Plaintiff's claims center on two events. First,

Plaintiff alleges that an African-American supervisee verbally abused Plaintiff by saying, "You think you're somebody's mother. I am tired of you, GD. I don't want to be bothered with this anymore. You are not my mother." ECF No. 27-5 at 65–66. The second incident involved Plaintiff observing a thick book about the Third Reich on a supervisee's desk and excerpts of the book on the supervisee's iPad. ECF No. 41 at 7–8. Plaintiff did not speak to anyone, including the supervisee, about these materials. Instead, she directed her team to put away reading materials and electronics while working. ECF No. 33-1 at 20. The Report concluded "[t]hese isolated incidents do not rise to the severe and pervasive standard necessary to constitute harassment" or constructive discharge. ECF No. 41 at 8.

Plaintiff objects, contending that these two incidents were sufficiently severe and pervasive to alter the terms of her employment. For example, Plaintiff claims that the supervisee that yelled at her no longer followed her instruction and was not disciplined. ECF NO. 43 at 6. Plaintiff also claims that the presence of "Nazi paraphernalia" at work was "extremely serious and offensive." The Court disagrees with Plaintiff's objections, as Plaintiff has offered no evidence that Defendant was on notice of any harassment against her, and therefore there is no basis for imputing liability to Defendant. Moreover, these events were isolated and do not meet the severe and pervasive standard set forth by the Supreme Court of the United States. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1988) (noting that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment").

5

## II. Adverse Employment Action

The Report concluded that summary judgment was appropriate on Plaintiff's disparate treatment claim because Plaintiff "cannot establish a *prima facie* case of disparate treatment because she suffered no adverse employment action." ECF No. 41 at 9. The Report noted that Plaintiff "retained her title and position, and her pay, benefits, and other terms and conditions of employment did not decrease." *Id.*

Plaintiff objects, claiming that Plaintiff's "performance improvement plan, final warning, shift change, loss of pay, and constructive discharge" constitute an adverse employment action. The Report cites a number of District Court, Circuit Court, and Supreme Court cases that deal directly with this argument. *See id.* at 10. The Court has reviewed these cases and agrees with the Report's reliance therein. Plaintiff has offered no contrary authority that warrants sustaining her objection.

## III. Satisfactory Job Performance

The Report also concluded that Plaintiff did not exhibit a satisfactory job performance. In this regard, the Report concluded that Defendant "presents abundant evidence that the decision makers reasonably perceived [Plaintiff's] management style to be deficient based on numerous complaints by employees she supervised. Although [Plaintiff] contests the fairness of that perception, she presents no evidence to suggest that the decision makers' beliefs were not genuinely held." *Id.* at 11 (internal quotation and citation omitted).

Plaintiff objects, claiming that Plaintiff had a satisfactory employment record from 1999 until the end of her employment. Indeed, Plaintiff acknowledges that the only relevant question is whether Defendant's expectations were legitimate. Plaintiff relies on

a statement from one subordinate that he did not have a problem with Plaintiff's management style. ECF No. 43 at 10. An isolated opinion from one subordinate does not undercut or create a genuine issue of material fact as to Defendant's legitimate expectations. It is clear from the undisputed evidence in this case that Defendant felt that Plaintiff's management style was problematic, and Plaintiff has offered no evidence to demonstrate that Defendant's belief was not legitimate.

## IV. Protected Activities

The Report also concluded that Plaintiff did not engage in any protected activity and recommended granting Defendant's Motion as to Plaintiff's retaliation claim. Plaintiff acknowledged at her deposition that she made no complaints to Defendant regarding discrimination. However, Plaintiff claims that she reported her male supervisee that yelled at her, and further contends that Defendant should have understood this complaint to be about gender discrimination. The Court agrees with the Report's finding that, under the circumstances of this case, Plaintiff's report about her male supervisee would not have been reasonably understood by Defendant to be related to Plaintiff's gender. Instead, the complaint was simply related to inappropriate workplace behavior.

## V. Constructive Discharge

Finally, the Report rejected Plaintiff's constructive discharge, noting that "the standard to establish a constructive discharge is even more stringent than that required for a viable claim based on a hostile work environment." ECF NO. 41 at 8. Plaintiff objects to this finding. However, just as the Court has already determined that summary judgment is appropriate on Plaintiff's hostile work environment claim, the Court also finds that summary judgment is appropriate on Plaintiff's constructive discharge claim. *See*

*Pennsylvania State Police v. Suders*, 542 U.S. 129 (2004) (noting that the standard to establish a constructive discharge claim is even more stringent than that required for a hostile work environment claim).

## **CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the Report, and Defendant's Motion [27] is **GRANTED**.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

August 29, 2018
Spartanburg, South Carolina